```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CHRISTOPHER D. MACKEY,           )
        Plaintiff,               )
                                 )      Civil Action No.
                                 )      20-12085-DPW
        v.                       )
                                 )
COMMONWEALTH OF MASSACHUSETTS,   )
        Defendant.               )
```

                          MEMORANDUM AND ORDER
                            January 27, 2022

The plaintiff in this matter has presented what is in substance a petition to remove a pending state criminal matter against him to federal court under 28 U.S.C. § 1443(1).

On November 19, 2020, Christopher D. Mackey, then in custody at Bridgewater State Hospital, made the following *pro se* submissions to this court: 1) a petition for writ of habeas corpus ad testificandum; 2) a request for removal pursuant to 28 U.S.C. § 1443; 3) a request for the appointment of an attorney; and 4) a letter stating that he was indigent.

The Clerk's Office of this court docketed Mr. Mackey's petition as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  However, although the matter was docketed as a state habeas matter, examination of Mr. Mackey's filings make clear that what he seeks is not some form of habeas corpus relief but rather to remove the criminal matter pending against him in Newton District Court, *see Commonwealth* v. *Mackey*, No.

2012CR000294 (Mass. Dist. Ct., Newton, filed July 30, 2020), to this federal court.

From Mr. Mackey's submissions, it appears that the state criminal matter at issue relates to what Mr. Mackey characterizes as his ongoing efforts to challenge discrimination he encountered at Salem State University. Mr. Mackey reports that he suffers from borderline personality disorder and that he experienced discrimination and retaliation relating to his mental disability while enrolled as a graduate student at Salem State University. Mr. Mackey asserts that when he reported the discrimination to the University, he was met with hostility and aggression from administrators. Mr. Mackey alleges that the University president and other administrators "spread around the false rumor amongst the General Public" that Mr. Mackey was attempting to pursue a sexual relationship with a married woman. Mr. Mackey believes administrators at the University spread the rumors with the intention of pushing Mr. Mackey to harm himself. Consequently, little more than a week after filing the instant petition, Mr. Mackey filed a separate suit against Salem State University and the Commonwealth of Massachusetts in this court. *See Mackey* v. *Commonwealth*, No. 20-12092-DJC (D. Mass. filed Nov. 27, 2020)(Casper, J.).

According to Mr. Mackey, the criminal matter which he now seeks to remove to federal court arose out of his attempts to

collect evidence to support of his civil complaint against Salem State University.  Mr. Mackey reports that he went to the workplace of a fellow Salem State University student, the woman he was rumored to have pursued romantically, to obtain a statement from her.  As a result of that encounter, that woman obtained a harassment prevention order in September of 2019 against him, pursuant to Mass. Gen. Laws ch. 258E.  Mr. Mackey currently faces three charges of violating that harassment prevention order in Concord District Court, each returned on February 10, 2020.  *See Commonwealth* v. *Mackey*, Nos. 2047CR000175, 2047CR000176, 2047CR000177 (Mass. Dist. Ct., Concord, filed Feb. 10, 2020).

    Mr. Mackey says he was arrested in Newton on July 29, 2020, by Newton Police Officers he claims were "enforcing a void warrant."  According to Mr. Mackey, Newton Police Officers approached him while he was in his truck and demanded he exit the vehicle.  Though not entirely clear in his petition, Mr. Mackey seems to suggest that Newton Police officers initially sought to arrest him for violating the conditions of his pretrial release in the Concord matter.  Mr. Mackey states that he initially refused to leave the truck but was neither aggressive nor resistant.  He then agreed to leave the vehicle and was arrested.

Mr. Mackey was charged in Newton District Court with five counts of assault and battery with a dangerous weapon (vehicle) and a single count of resisting arrest. *Commonwealth* v. *Mackey*, 2012CR000294 (Newton Dist. Ct.). Since Mr. Mackey filed his petition now before me, the Commonwealth filed nolle prosequi notices with respect to the five assault and battery with a dangerous weapon charges. Notices of Nolle Prosequi, *Commonwealth* v. *Mackey*, No. 2012CR000294 (Mass. Dist. Ct., Newton, filed July 26, 2021). Consequently, I understand Mr. Mackey to be seeking only the removal of the resisting arrest charge currently pending in Newton District Court since that is the only remaining criminal charge for which removal would be available.

Before me, Mr. Mackey details several reasons why he believes his Newton District Court criminal matter should be removed to this court. He asserts that he has a right as a person with a disability to receive "equal protection under [28 U.S.C. § 1443]," but that "Judge Moore of the Newton District Court stated that [28 U.S.C. § 1443] didn't apply to the Newton criminal case." According to Mr. Mackey, both the Newton and Concord District Courts are "aware that the criminal charges [against him] are false" and based on a "void" harassment prevention order. He further asserts that he cannot receive treatment for his attention deficit hyperactivity disorder or

4

his borderline personality disorder while in state custody.

The right of certain persons to remove state criminal charges against them to federal court is a matter of statute. *Syngenta Crop Protection, Inc.* v. *Henson.*, 537 U.S. 28, 32 (2002). The "statutory procedures for removal are to be strictly construed," *id.* Accordingly, state criminal defendants may remove state prosecutions to federal court only in the narrow circumstances described by the removal statutes. *See* 28 U.S.C. §§ 1442 (federal officers or agencies sued or prosecuted), 1443 (civil rights cases).

Mr. Mackey contends it is 28 U.S.C. § 1443 that provides the basis for removal in his case. Section 1443 permits removal of certain matters relating to equal protection violations. Section 1443(1)[1] concerns defendants who are being denied equal protection in a state legal proceeding and § 1443(2)[2] provides a federal forum to state actors facing liability for upholding equal protection. Mr. Mackey is not a state actor within the meaning of § 1443(2), so I direct my attention to § 1443(1).

---

[1] Section 1443(1) allows a defendant to remove to federal court a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).
[2] Section 1443(2) allows a defendant to remove to federal court a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2).

On the face of Mr. Mackey's petition, it is clear that his pending criminal matter in Newton District Court is not eligible for removal under Section 1443(1).[3]  I would be authorized by statute, 28 U.S.C. § 1455(b)(4), to remand this prosecution summarily as ineligible for removal on the face of Mr. Mackey's submissions, but the matter is not ripe for remand.[4]  Given Mr. Mackey's *pro se* status and his professed mental disability, I will construe his submissions liberally, *see Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and explain briefly why I find that Mr. Mackey's state criminal matter may not be removed under § 1443(1) in the first place.

Section 1443(1) provides a mechanism for a criminal

---

[3] Mr. Mackey states that he filed previously to remove his pending criminal matters in Concord District Court as well.  *See Commonwealth* v. *Mackey*, Nos. 2047CR000175, 2047CR000176, 2047CR000177 (Mass. Dist. Ct., Concord, filed Feb. 10, 2020).  A review of the docket in this case revealed no prior motion or request for the removal of Mr. Mackey's Concord matters.  I am also unable to find any indication that Mr. Mackey filed such a motion in any other matter in this court.
  To the extent that Mr. Mackey intends the instant petition also to request removal of his Concord matter to federal court, I find there is no basis for the removal under 28 U.S.C. § 1443(1) for the same reason Mr. Mackey's Newton District Court matter is not eligible for removal.

[4] Pursuant to 28 U.S.C. § 1455(b)(4) "[t]he United States district court in which such notice [of removal] is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  Since removal has not been effectuated in this matter, remand is unnecessary.

defendant to remove his state matter to federal court because the defendant has been or will be deprived of a right in the state courts. In *Johnson* v. *Mississippi*, the Supreme Court outlined the two-pronged test that a defendant must meet to make use of this mechanism: a defendant must demonstrate 1) "that the right allegedly denied . . . arises under a federal law providing for *specific civil rights stated in terms of racial equality*" (emphasis supplied); and 2) that the "specified federal rights" are denied or cannot be enforced "in the courts of [the] State." 421 U.S. 213, 219 (1975) (internal quotation marks omitted) (quoting *Georgia* v. *Rachel*, 384 U.S. 780, 792 (1966)).

Well-established principles of federalism generally require that federal courts leave to the state courts the prosecution of state criminal matters. *See City of Greenwood* v. *Peacock*, 384 U.S. 808, 828 (1966). Section 1443(1) provides for exceptions only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that [the defendant's] rights will inevitably be denied . . . in the state court." *Id*. The Supreme Court has instructed that a defendant's claims that a state prosecution is "a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)" and will not allow a defendant to remove his case to federal court.

7

*Johnson*, 421 U.S. at 219; *see City of Greenwood*, 384 U.S. at 828.

Mr. Mackey has not shown that he faces circumstances in the Newton District Court that would warrant the removal of his pending criminal matter to this court. First, his allegations do not concern rights related to racial equality. Instead, Mr. Mackey asserts that the Commonwealth is enforcing a void harassment protection order and that he will be unable to obtain proper mental health treatment while in state custody. [Dkt. No. 1-3 at 2-5.] "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, [however,] will not suffice." *Johnson*, 421 U.S. at 219.

Second, Mr. Mackey makes only conclusory statements that he is unable to enforce his federal rights to equal protection in Newton District Court. I have carefully reviewed Mr. Mackey's full petition including his claims based on his disability, and although I form no opinion on the merits of Mr. Mackey's claims or the Commonwealth's evidence in the Newton District Court case, I find no reason to believe that Mr. Mackey will be deprived of his federal civil rights in that matter.

To the extent that Mr. Mackey is trying to initiate a civil action to prevent his state criminal matter from proceeding in

Newton District Court, rather than a removal action to this court, I will not entertain it. In *Younger* v. *Harris*, 401 U.S. 37, 46-47 (1971), the Supreme Court held that, as a general matter, the federal courts must not interfere with or enjoin a state criminal prosecution pending in the state courts. Even when a state defendant asserts that his federal rights have been violated by the state criminal proceeding, the federal court will defer to the state court unless the defendant's federal claims "cannot be raised and resolved somewhere in the state process," *Maymó-Meléndez* v. *Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004).

Here, the *Younger* doctrine requires that this court not interfere with Mr. Mackey's earlier filed and ongoing criminal proceeding in the Newton District Court. There is no reason to conclude that Mr. Mackey would lack an opportunity to raise all of his claims, including his federal discrimination claims, in the state courts.

## CONCLUSION

Accordingly, it is hereby ordered that this "habeas corpus" action be dismissed and the motion for appointment of counsel is denied. The Clerk shall enter a final order of dismissal.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE